United States District Court
For the Northern District of California

1
2
3                           UNITED STATES DISTRICT COURT
4                          NORTHERN DISTRICT OF CALIFORNIA
5
6
7   BASIL PAPAGEORGE
          Plaintiff,                           No. C 11-0492 PJH
8
       v.                                      **NOTICE AND ORDER SETTING
9                                              HEARING ON TEMPORARY
    LOS ANGELES COUNTY DEPARTMENT              RESTRAINING ORDER**
10  OF PUBLIC SOCIAL SERVICES; THE
    STATE OF CALIFORNIA, DEPARTMENT
11  OF SOCIAL SERVICES,
12        Defendants.
    _____/
13
14        The court is in receipt of plaintiff's motion for temporary restraining order.  Plaintiff
15  seeks an order temporarily enjoining defendants Los Angeles County Department of Public
16  Social Services ("LACDPS"), and the State of California's Department of Social Services
17  ("Department of Social Services") from ceasing payments to plaintiff for in-home support
18  services, and requiring defendants to resume payments to plaintiff, as a reasonable
19  accommodation for plaintiff's disability.  Plaintiff asserts that in the absence of such an
20  order, plaintiff will be unable to continue his in-home support services, and may be required
21  to move to an institution.
22        The hearing on plaintiffs' motion for temporary restraining order is accordingly set for
23  **March 2**, **2011**, at 9:00 a.m., in Courtroom 3, 3rd Floor, Federal Building, 1301 Clay Street,
24  Oakland, California 94612.
25        The court furthermore notes, however, that plaintiff has not yet filed a proof of
26  service with the court adequately establishing defendants' receipt of the underlying
27  summons and complaint, and motion papers.  Indeed, on February 10, 2011, plaintiff filed
28  proof only of an *unexecuted* summons.  While plaintiff has filed a supporting declaration of

counsel and attached two fax cover sheets purporting to demonstrate proof of service of the complaint and motion papers upon defendants, this is insufficient to satisfy service requirements pursuant to Federal Rule of Civil Procedure 4.  See Declaration of Jay T. Jambeck ISO Injunctive Relief, Exs. A-B.  At best, it affirms service of the motion alone (not the summons or complaint).

      Notwithstanding the lack of proof of service, the court nonetheless schedules the instant motion for a hearing on shortened time, as indicated above.  Plaintiff is ORDERED, however, to serve (1) the summons and complaint, (2) the instant motion papers, and (3) this order upon all defendants whom plaintiff seeks to enjoin by way of the instant motion immediately.  In the event plaintiff has already succeeded in serving defendants with the complaint and motion papers, plaintiffs need only serve defendant with a copy of this order.

      No later than February 23, 2011, plaintiff shall file a proof of service with this court indicating compliance with the foregoing.  In any event, no hearing on plaintiff's motion for temporary restraining order shall take place until all parties have been served.

**IT IS SO ORDERED.**

Dated: February 17, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge